

_____
ROBERT A. GORDON
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### AT BALTIMORE

In Re:　Nancy Raye Brown　　　　　　　　Case No. 12-15125-RAG
　　　　　　　　　　　　　　　　　　　　Chapter 13

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

OneWest Bank, FSB, Movant
vs.

Nancy Raye Brown, Debtor
Charles W Brown, Co-Debtor
　　　　　　　Respondent(s)

## AGREED ORDER AND STIPULATION MODIFYING AUTOMATIC STAY

　　　　The Movant, OneWest Bank, FSB, by its attorney, Michael T. Cantrell, Esq., and the Debtors, Nancy Raye Brown by their attorney, Haven N. Shoemaker Jr, do hereby consent to the following:

　　　　1.　　The Automatic Stay of 11 U.S.C. §362 and 11 U.S.C. §1301 (if applicable) are hereby terminated. Movant agrees to forbear provided Debtor(s) comply(ies) with the terms of this Order.

　　　　2.　　The Debtor(s) shall cure the post-petition arrears due of approximately $14,979.39, which include: payment(s) in the amount of $1,762.68 for the month(s) of June 2012 through November 2012 and $1,799.09 for the month(s) of December 2012 through January 2013, current bankruptcy fees and costs in the amount of $826.00; Suspense Balance in the amount of $20.87. The Debtor(s) will make "additional" monthly payments of $2,496.57 commencing in **March 2013** and continuing each month thereafter for a total of six (6) months until the arrears are paid in full. **The "additional" payments must be received by the 15th day of the month.** Note: Should the Debtors provide sufficient proof of payments made but not yet credited by Movant, the above arrears will be adjusted accordingly.

3. Commencing, in **February 2013** the Debtor(s) shall resume making the regular monthly payments of $1,799.09, or as adjusted for interest rate or escrow changes and shall continue to be bound by all other provisions in the Note and Deed of Trust. The regular payments are due on the 1st day of the month with a late charge assessed after the 15.

4. All payments tendered in accordance with this Order should be sent directly to ONEWEST BANK, FSB, Movant at 6900 Beatrice Drive, Attn: Cashiering Department, Kalamazoo, Michigan, 49009.

5. Should the Debtor(s) default under Paragraph 2 or 3 herein, or should any payment be returned for insufficient funds, the Movant may file with the court and mail to the Debtor(s) and Debtor(s) attorney a Notice of Default and Notice of Termination of Automatic Stay. Should the Debtor(s) then fail to cure the default including any amounts which have become due between the execution of the Notice and the expiration of the cure period, within ten (10) days from the date of the filing of the Notice, and/or should the Debtor(s) fail to file an opposition to the Default Notice pursuant to Bankruptcy Rule 4001(a)(3), the forbearance shall terminate without further court action and without further court order. Should the Debtor(s) file an Objection, Response or Motion to Strike the Notice of Default, the Debtor(s) shall bear the burden of proof as to the inaccuracy of the Notice. **Any payment(s) tendered to cure a default arising under the provisions of this consent agreement must be in the form of certified or cashier's check or money orders.** Acceptance of a partial payment shall not be deemed to be a waiver of the termination of the forbearance as provided herein. If the Debtor(s) fail to cure the default noted, the Noteholder may proceed to enforce its rights, including but not limited to foreclosure, under the provisions of the Deed of Trust recorded among the land records of Carroll County, Maryland, at Liber 5314 and folio 0205 and which is secured by the property of the Debtor(s) located at **4874 Melody Drive, Manchester, Maryland 21102**. The additional stay provided by Bankruptcy Rule 4001(a)(3) is hereby waived.

6. Should there be more than two (2) defaults in payment as provided in this agreement, there shall be no ten day "cure period"; the Movant shall file the Notice of Default with the court and mail copies to the Debtor(s) and Debtor(s)' attorney and the forbearance shall be terminated at the filing thereof without any further Court Order. Movant may proceed with collection and/or foreclosure actions immediately.

7. This agreement shall be and become null and void on the termination of this bankruptcy proceeding. Should the Debtor(s) convert to a Chapter 7 proceeding, the forbearance shall be immediately terminated and the repayment provisions herein shall be and become null and void. Upon termination of forbearance, the Movant, its successors and assigns, shall be excused from filing notices of payment change under Bankruptcy Rule 3002.1. This agreement shall apply to proceedings for possession of the real property after the foreclosure sale and shall apply to successors and/or assigns of Movant.

8. The Movant and/or its successors and assigns may, at its option, offer,

provide and enter into a potential forbearance agreement and/or loan modification or other loan workout/loss mitigation agreement which does not otherwise require court approval. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement.

SEEN AND APPROVED:

/s/ Michael T. Cantrell, Esq.    (mcl)
Michael T. Cantrell, Esq.
Attorney for Movant

/s/ Haven N. Shoemaker Jr
Haven N. Shoemaker Jr
Attorney for Debtor

I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the court are identical to those set forth in the original consent order; and the signatures represented by the /s/_____ on the copy of the consent order submitted to the Court reference the signatures of consenting parties obtained on the original consent order.

/s/ Michael T. Cantrell, Esq.

Copies to:

Nancy Raye Brown
4874 Melody Drive
Manchester, Maryland  21102

Charles W Brown
4874 Melody Drive
Manchester, Maryland  21102

Copies were sent electronically thru the CM/ECF system to Michael T. Cantrell, Esq., Haven N. Shoemaker Jr, Esq., Ellen W. Cosby, Esq., Chapter 13 Trustee.

**End of Order**